**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 1016, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, AFL–CIO; Donald Hawkins, Business Agent of Local 1016, United Brotherhood of Carpenters & Joiners of America, AFL–CIO; and United Brotherhood of Carpenters & Joiners of America, AFL–CIO, Respondents.**

**No. 57, Docket 25612.**

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1959.

Decided Jan. 6, 1960.

Stuart Rothman, General Counsel, Washington, D. C., Morton Namrow, Attorney, National Labor Relations Board, Washington, D. C. (Jerome D. Fenton, General Counsel, Thomas J. McDermott, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, Frederick U. Reel, Attorney, National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Richard O'C. Kehoe, Utica, N. Y. (Ferris, Kehoe & Cardamone, Utica, N. Y., on the brief), for respondents, Local 1016, United Brotherhood of Carpenters and Joiners of America, AFL-CIO; Donald Hawkins, Business Agent of Local 1016, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

Charles H. Tuttle, New York City (Breed, Abbott & Morgan, New York City, Francis X. Ward, William A. McGowan, Indianapolis, Ind., Robert A. Longman, New York City, on the brief), for respondent, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

Before MEDINA, MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge.

Petitioner, National Labor Relations Board (the Board) seeks enforcement of its order that respondents, Local 1016, United Brotherhood of Carpenters & Joiners of America, AFL-CIO (Local 1016), United Brotherhood of Carpenters & Joiners of America, AFL-CIO (the Brotherhood), and their officers, representatives, successors, assigns and agents, including Donald Hawkins, Business Agent of Local 1016, cease and desist

from inducing or encouraging the employees of John Harvey Co., Inc. (Harvey), from engaging in a strike or concerted refusal in the course of their employment to (amongst other things) use, handle, or work on any materials or to perform any services for their employer where an object thereof is to force Harvey or any other employer: (1) to cease purchasing or using nonunion materials; or (2) to cease doing business with Booher Lumber Co., Inc. (Booher).

Booher, a nonunion company, a supplier of building materials, filed charges pursuant to which a complaint was issued by the Board against Local 1016, Hawkins, and the Brotherhood alleging violations of Section 8(b)(4)(A) of the National Labor Relations Act (the Act), 29 U.S.C.A. § 158(b)(4)(A). Local 1016 and the Brotherhood are labor organizations within the meaning of Section 2 (5) of the Act, 29 U.S.C.A. § 152(5). The substance of the charges was that Local 1016, Hawkins, and the Brotherhood had induced or encouraged carpenters, members of Local 1016, to refuse to install a precut staircase because it had come from a nonunion source, to wit, Booher. A hearing was conducted before an Examiner who in an Intermediate Report found that the charges of unfair labor practices had not been sustained.

Upon exceptions filed by the General Counsel, the Board found (one member dissenting) that Local 1016, Hawkins, and the Brotherhood had engaged in unfair labor practices and directed that the order now sought to be enforced issue.

Substantial evidence supports the Board's findings as to Local 1016 and its Business Agent, Hawkins. Harvey, a contractor, was engaged to remodel a Woolworth store in Oneida, New York. For this job Harvey ordered from Booher prefabricated millwork and a precut staircase which were delivered about the middle of April 1956. The union foreman on the job, Neil Trueworthy, noticed that there was no union label on the staircase. Under the collective bargaining agreement between the employer and the Mohawk Valley District Council, of which Local 1016 was a member, all carpenters were to receive orders through the carpenter foreman only. The constitution and by-laws of the District Council provided that "All carpenters shall take orders from only the carpenter foreman, who carries a union card." Harvey's collective bargaining agreement with Local 1016 contained a provision that "No member shall be obliged to work on any materials except materials which have been manufactured in a shop, mill, etc. that has Union conditions" (Art. VII). The agreement also contained a provision that "All carpenters shall receive orders through the carpenter foreman only" (Art. VI).

Shortly after its arrival, Trueworthy discussed the nonunion staircase with Hawkins, Business Agent of Local 1016. Hawkins told Trueworthy that "It's nonunion material, you know what to do about it." They told the Harvey superintendent assigned to the repair project that the staircase did not have a union label and that the men would not install it. Trueworthy knew that the men would not work on the staircase if he did not tell them to. His attitude, according to his testimony, was "I wouldn't handle it myself, and I wouldn't ask a union carpenter to handle the material," and that he would quit his job rather than to work on it. The nonunion character of the staircase was also discussed in the presence of other carpenters.

The Booher material remained uninstalled for several weeks and then was temporarily removed from the alteration project because the men were marking the word "scab" on it. Later the material was returned and Hawkins, after finding a union label on one of the doors, authorized the trim and doors to be installed but said "there is no change on the stairs."

Disturbed because of the long installation delay, Woolworth requested a meeting. On May 23, 1956 Local 1016 representatives, a Brotherhood representative, Harvey representatives, and Woolworth representatives met. Hawkins said that

the problem could be solved by the purchase of a union-made staircase and that the carpenters could not be asked to violate their union oath, namely, that they would not work on nonunion material.

The Board found that Trueworthy was carrying out union rules in accordance with his union obligations at the behest of the union business agent and that he was, therefore, a union agent; that he and Hawkins had induced and encouraged the members of Local 1016 to violate the provisions of 8(b)(4)(A); and that the objectives of this inducement or encouragement were to force Harvey to cease handling nonunion material, particularly the staircase received from Booher.

Local 1016 and Hawkins were highly successful in attaining this objective because the Booher staircase after a three months' delay had not been and never was installed. On the other hand, as soon as a union-made staircase was purchased as a result of the carpenters' refusal to work on nonunion material, the union-made staircase, although only semifabricated, was installed in a single day.

On the record presented to the Board, the facts support the findings of a violation of Section 8(b)(4)(A) by Local 1016 and Hawkins.

A somewhat different problem is presented as to the Brotherhood. The Brotherhood argues that the mere fact that Local 1016 was affiliated with it and that one of its representatives, William Lawyer, for a brief period of time, came into the picture at the behest of Hawkins, who called the Brotherhood office for assistance in the Woolworth project matter, is insufficient to charge it with a violation. The Board found that Hawkins did call the Brotherhood's office for assistance, that Lawyer was assigned to advise Hawkins and that Lawyer attended the conference on May 23, 1957 with representatives of Harvey, Woolworth and Local 1016. The Board also refers to Section 10 J of the Brotherhood's constitution which authorizes certain action in case a local union asks for assistance from the general office. However, there is no proof that the procedure therein required was followed.

The Board found that the Brotherhood representative, Lawyer, did nothing effective to break the stalemate on the installation of the nonunion staircase and attributes to this what might be termed effective inaction amounting to a ratification by the Brotherhood of the unlawful conduct of the union and Hawkins. These are conclusions that are scarcely warranted by the facts and the law. Lawyer did participate in the May 23 conference but there is no sufficient proof that he participated in, directed, or ratified the violation of Section 8(b)(4)(A). Accordingly, the Board's petition for an order of enforcement against the Brotherhood must be denied.

A decree should issue enforcing the Board's order against Local 1016 and Hawkins and denying enforcement against the Brotherhood.